## SOLLAZZO v. HOEY et al.

(District Court, E. D. New York. May 24, 1924.)

**I. Dismissal and nonsuit ⬅71—Answer need not be filed on motion to dismiss, but plaintiff may file affidavit under Rules of Practice in New York.**

On motion to dismiss complaint pursuant to rule 107, Rules of Civil Practice of New York, on ground that there is an existing final judgment and that cause of action did not accrue within time limited by law, an answer need not be first served, and, if any other issue could be involved in suit, it could be directly presented at once by affidavit, and, this not being done, only conclusion is that statements contained in moving affidavit are true.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Judgment ⟨⟩829(3)—Judgment of state court determining issues bar to action in federal court.**

A judgment of a state court determining issues between parties is a bar to an action in federal court on same cause of action.

At Law. Action by Antonietta Sollazzo, as administratrix of the goods, chattels, and credits of Francesco Sollazzo, deceased, against Frank J. Hoey and Salvatore Sabbatino, copartners doing business under the firm name and style of Sabbatino & Co. On motion to dismiss complaint. Motion granted.

Herbert N. Warbasse, of Brooklyn, N. Y., for plaintiff.

Pettigrew, Glenney & Bovard, of New York City (Laurence C. Stryker, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is a motion to dismiss the complaint, pursuant to rule 107 of the Rules of Civil Practice of the state of New York, on two grounds: First, that there is an existing final judgment or decree by a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties; second, that the cause of action did not accrue within the time limited by law for the commencement of an action thereon.

The moving papers show that an action was heretofore brought in the New York Supreme Court, Kings County, by the same plaintiff, against the same defendant, to recover the same relief asked for herein. After the service of a verified complaint, defendant served a verified answer, followed by an amended answer, and then a second amended answer. Thereupon defendant obtained an order requiring plaintiff to serve a reply to the affirmative defenses set forth in defendant's second amended answer, among which was the defense that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. No reply was served, and the court granted a motion by defendant for judgment on the pleadings.

Rule 107, supra, provides:

"Rule 107. *Motion for Judgment; When the Defect Does Not Appear on the Face of the Complaint.* Within twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint or one or more causes of action stated therein, on the complaint and affidavit, stating facts tending to show:
\* \* \* \* \* \* \* \* \* \*
"5. That there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties.
"6. That the cause of action did not accrue within the time limited by law for the commencement of an action thereon."

[1] Inasmuch as the allegations contained in the moving papers are not questioned, it does not seem necessary to require defendant to prepare and serve an answer. Clearly the issues of the instant action have been presented and determined as required by said rule 107. The objection that an answer should be first served is not in accordance with the policy, now generally followed, of proceeding directly to the merits, whenever possible, in the determination of a controversy submitted to

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court. If any other issue could be involved in this suit, such claim could be directly presented at once by affidavit. This is not done, and the only conclusion is that the statements contained in the moving affidavit are true.

[2] It is contended by plaintiff that a judgment of a state court determining issues between parties is not a bar to an action in the federal court on the same cause of action, citing Sebeck v. Plattdeutsche Volksfest Verein, 124 Fed. 11, 59 C. C. A. 531. That case was an action in the federal court to recover for injuries sustained by plaintiff in an explosion. He had brought suit in a state court to recover for said injuries, and had been nonsuited therein. It does not appear from the opinion in that case that the plaintiff proceeded upon the same theory of liability in both cases, nor that the defenses were identical. Furthermore, the point involved was not raised in any way, so far as the opinion discloses, and consequently the case cannot be regarded as an authority for plaintiff's contention.

If these conclusions are correct, the motion must be granted.